SOUTHERN RY. CO. et al. v. UNITED STATES (INTERSTATE
COMMERCE COMMISSION, Intervener).

(Commerce Court.   December 5, 1911.)

No. 44.

COMMERCE (§ 92*)—COMMERCE COURT—JURISDICTION—SUIT TO ANNUL ORDERS
OF COMMISSION—"ANY ORDER."

The exclusive jurisdiction conferred on the Commerce Court by Act
June 18, 1910, c. 309, § 1, 36 Stat. 539, creating such court, of "cases
brought to enjoin, set aside, annul or suspend, in whole or in part,
any order of the Interstate Commerce Commission," includes a suit to
annul an order of the Commission awarding reparation in damages to
a complainant made under Interstate Commerce Act Feb. 4, 1887, c. 104,
§ 16, 24 Stat. 384 (U. S. Comp. St. 1901, p. 3165), as amended by Act
June 29, 1906, c. 3591, § 5, 34 Stat. 590 (U. S. Comp. St. Supp. 1909, p.
1159), which is not affected by the provision excepting from the juris-
diction so conferred cases for the enforcement of orders of the Com-
mission "for the payment of money"; such cases being actions based
on such order in which there is a constitutional right to a jury trial,
jurisdiction of which is reserved to the Circuit Court.

[Ed. Note.—For other cases, see Commerce, Dec. Dig. § 92.*

For other definitions, see Words and Phrases, vol. 1, pp. 412–433;
vol. 8, pp. 7575–7577.

Jurisdiction of federal courts of suits under interstate commerce act,
see note to Bailey v. Mosher, 11 C. C. A. 318.]

Petition by the Southern Railway Company and others against the
United States, respondent, and the Interstate Commerce Commission,
intervening respondent.   On motion to dismiss for want of jurisdic-
tion.   Motion denied.

R. Walton Moore, Merrel P. Callaway, Charles J. Rixey, Jr., Al-
fred P. Thom, Henry T. Wickham, and W. S. Bronson, for peti-
tioners.

Blackburn Esterline, Sp. Asst. Atty. Gen. (James A. Fowler, Asst.
Atty. Gen., on the brief), for the United States.

P. J. Farrell, for Interstate Commerce Commission.

Before KNAPP, Presiding Judge, and ARCHBALD, CARLAND,
HUNT, and MACK, Associate Judges.

HUNT, Judge.   The only question now before us pertains to the
jurisdiction of the Commerce Court.

The petition was filed by the Southern Railway Company and the
Chesapeake & Ohio Railway Company, asking in effect that two cer-
tain orders of reparation in favor of the St. Louis Blast Furnace Com-
pany made by the Interstate Commerce Commission be annulled and
that pending suit the enforcement of each of said orders be enjoined.

The Commission intervened in this court and joins with the United
States in a motion to dismiss the petition because each of the orders
made by the Commission and referred to in the petition is an order
for the payment of money only, and the Commerce Court has no
jurisdiction over the subject-matter.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

By the terms of the act to create a Commerce Court (approved June 18, 1910) exclusive jurisdiction of these several kinds of cases, among others, was conferred upon it:

"First. All cases for the enforcement, otherwise than by adjudication and collection of a forfeiture or penalty or by infliction of criminal punishment, of any order of the Interstate Commerce Commission other than for the payment of money.

"Second. Cases brought to enjoin, set aside, annul, or suspend, in whole or in part, any order of the Interstate Commerce Commission."

There was express denial of enlargement of the jurisdiction of the Circuit Courts as such jurisdiction was vested when the act to create the Commerce Court was passed. The act merely, though precisely, transferred to and vested in the Commerce Court exclusively whatsoever power the Circuit Courts had theretofore possessed to hear and determine the kinds of cases or proceedings enumerated. We have so held in Procter & Gamble Company v. United States (Com. C.) 188 Fed. 221.

In the grant of jurisdiction to the Commerce Court, exclusive yet full though it is in the classes of cases discussed, there is an express provision that nothing in the act shall affect the jurisdiction possessed by any Circuit or District Court of the United States over cases or proceedings of a kind not within the classes enumerated in the paragraphs of section 1 heretofore referred to. Bearing in mind the language of the exception of all cases for the enforcement of orders for the payment of money, it at once becomes apparent that actions at law where right of jury trial is preserved cannot be tried in this court. However, as to such actions, the statute is not silent, for the language of that clause of section 1 of the act creating this court, whereby it is affirmatively provided that the act shall not affect the jurisdiction possessed by any Circuit or District Court of the United States over cases or proceedings of a kind not within the classes enumerated in the act establishing the Commerce Court, clearly comprehends them and preserves the rights of parties as they existed before June 18, 1910. Such a construction of the act makes each part effective by cutting out from the jurisdiction of the Circuit Courts and transferring to this court exclusive jurisdiction over various kinds of cases, yet reserving the jurisdiction in those courts as it was possessed over cases which but for the exception would have been included in the general clause.

The language which defines an order which may be affected by decree of this court is unrestricted; "any order" which is involved in a direct suit to enjoin, set aside, annul, or suspend, provided always it is a case where a Circuit Court formerly possessed jurisdiction to annul, set aside, or suspend. And that prior to June 18, 1910, the Circuit Courts had jurisdiction is evident, for the language of section 16 of the interstate commerce act, as amended by the Hepburn act of June 29, 1906, expressly vested in such courts power to hear and determine suits to enjoin, set aside, annul, or suspend any order of the Commission. We cannot read into the clause which confers jurisdiction upon this court words of limitation other than those which for-

merly circumscribed the powers of the Circuit Courts, nor can we except from the described kinds of cases where injunction, annulment, or suspension may be had orders for the payment of money. The fundamental principle that Congress is presumed to have expressed its meaning with due deliberation, and that it is not within the power of the court to go beyond the plain expressions of the Legislature, prevents the court from holding otherwise.

, We need go no further now than to hold that since the approval of the act creating this court, a carrier which is ordered to pay damages, and which could have gone to the Circuit Court in equity to have such an order annulled or enjoined, has now the right to ask this court to enjoin or annul or suspend such an order, provided always it can show grounds for equitable relief. And as the jurisdiction of this court over such a case is exclusive, it follows that no other court can entertain a bill in equity for the direct purposes of annulment or suspension as aforesaid.

We are urged to adopt the view that when Congress excepted from the kinds of cases over which the Commerce Court may exercise jurisdiction the enforcement of an order for the payment of money, it could not have intended to authorize us to annul such an order; and it is said that when the Circuit Court tries an action at law to enforce such an order, that court necessarily has power to deny relief, on the ground that the order is illegal and void, and that therefore there is a destruction of that clause of the act which makes the jurisdiction of this court exclusive over cases to annul any order of the Commission. The difficulty with this reasoning lies in confounding these two propositions: On the one hand, an express affirmative denial of power to this court to try an action sounding in tort as does one to recover damage for excesses of rates collected as ordered by the Commission, wherein right of trial by jury must be preserved; and, on the other hand, an express grant to this court of exclusive authority to hear and decide a petition brought to annul or enjoin an order of the Commission. No suit having for its purpose the annulling of an order for the payment of money is brought in the Circuit Court, and none can be; the jurisdiction of this court being exclusive in actions of that kind. The case in the Circuit Court is one to recover damages upon an order duly made by the Commission. True, a defense, among others available, may involve the validity of the order upon which plaintiff bases his action; but we need not dwell upon what questions may be presented in the Circuit Court, for we have no jurisdiction over them. It is plain, however, that if such a defense is sustained in the Circuit Court, the ruling does not thereby affirmatively annul and set aside the order of the Commission; it merely determines that as between the parties before it the order is not a valid legal basis for the particular claim sought to be enforced. In actual practice, where law and equity courts are invoked, there may arise some opportunity for varying views upon the validity of an order of the Commission. Surely, though, instances of divergencies will not happen more often than they do under any system where separation of law and equity obtains, and in any event

are not of such serious apprehension as to justify a construction of the statute which would subtract from the lawful authority deliberately conferred by Congress upon this court exclusively to enjoin, set aside, annul, or suspend, in whole or in part, "any order" of the Commission.

As what we have said is controlling upon jurisdiction, the only question now presented, the motion to dismiss, must be denied.

So ordered.